# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

HECTOR HERNANDEZ NEGRON,          :
                               :
        Petitioner          :     CIVIL ACTION NO. 3:12-CV-957
                               :
        v.              :     (Judge Nealon)
                               :
UNITED STATES OF AMERICA,          :
                               :
        Respondent          :

**FILED**
**SCRANTON**

OCT 2 1 2013

PER_____
DEPUTY CLERK

## MEMORANDUM

On May 22, 2012, Petitioner, Hector Hernandez Negron, an inmate currently incarcerated in the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") in Minersville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner claims that the Bureau of Prisons ("BOP") failed to give him credit of sixty (60) months and twenty-four (24) days toward his federal sentence for time he spent in federal custody while serving his Puerto Rico sentence. Id. A response to the petition was filed on July 9, 2012. (Doc. 8). For the reasons set forth below, the habeas petition will be denied.

## Background

On September 13, 1994, Petitioner was sentenced to a twenty-year term of imprisonment by the Guayama Superior Court in Puerto Rico for violating the Puerto Rico Controlled Substances Act. (Doc. 8, Ex. 1, Att. 2).

On February 16, 1996, while serving his state sentence, Petitioner was arrested on federal charges pursuant to a writ of habeas corpus ad prosequendum and held in federal custody. (Doc. 8, Ex. 1 at Atts. 2-3; Ex. A at ¶ 6).

Petitioner was sentenced by the United States District Court for the District of Puerto

Rico on August 17, 1998, to a 450-month term of imprisonment for conspiracy to distribute in excess of five (5) kilograms of cocaine, crack cocaine, and heroin, and distribution of cocaine within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1), 846, 860, and 18 U.S.C. § 2. (Doc. 8, Ex. 1, Att. 4). At the sentencing hearing, the Court specifically denied defense counsel's request that the federal sentence run concurrent to the Puerto Rico sentence. (Doc. 8, Ex. 1, Att. 6, Notes of Testimony at pages 40-41).

On March 19, 1999, Petitioner was returned to Puerto Rico authorities with a federal detainer having been lodged. (Doc. 8, Ex. A, ¶ 7 and Ex. 1, Att. 3).

Petitioner was released from his Puerto Rico sentence on November 15, 2004, and taken into federal custody pursuant to the detainer to begin serving his federal sentence. (Doc. 8, Ex. 1, Atts. 3, 5). Accordingly, Petitioner, who has a projected release date of July 15, 2037 with good conduct time credit, will have served the full term of his 450-month federal sentence on May 14, 2042. (Doc. 8, Ex. 1, Att. 6).

On May 7, 2010, the United States District Court for the District of Puerto Rico held that the time Petitioner spent in federal custody following his arrest on federal charges until he was returned to state custody should have been credited toward his Puerto Rico sentence and, therefore, could not also be credited to his federal sentence. USA v. Valentin-Lebron, et al., Criminal No. 3:96-cr-35 at (Doc. 685) (D.C. P.R. May 7, 2010) (citing 18 U.S.C. § 3585(b)(2); United States v. Wilson, 503 U.S. 329, 337 (1992)).

Similarly, the BOP did not award Petitioner any credit toward his federal sentence for the time he spent in Puerto Rico facilities or for the time he spent in federal custody pursuant to the writ of habeas corpus ad prosequendum because these periods of time were credited against his

Puerto Rico sentence. (Doc. 8, Ex. A at ¶ 9, Ex. 1 at Att. 6).

On May 22, 2012, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner argues that he should receive credit for time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum because the United States District Court for the District of Puerto Rico informed him that he was to be awarded credit toward his federal sentence for any days spent in federal custody. (Id.). He claims that this was awarded because the sentencing court understood that the state and federal offenses were part of the same course of conduct. (Id.).

In a response filed July 9, 2012, Respondent argues that Petitioner's federal sentence has been properly computed in accordance with applicable federal statutes, regulations, BOP policy, and the federal judgment. (Doc. 8).

## Discussion

### A. Jurisdiction

"The authority to calculate a federal prisoner's release date for the sentence imposed, and to provide credit for pre-sentence detention and good conduct, is delegated to the Attorney General, who acts through the Bureau of Prisons." Armstrong v. Grondolsky, 341 Fed. Appx. 828, 830 (3d Cir. 2009) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)). "Credit for time served on a pre-existing state sentence, on the other hand, is within the exclusive power of the sentencing court...." Armstrong, 341 Fed. Appx. at 830 (citing Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002)). "The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, directed to the district court in the United States District where the petitioner is incarcerated, and naming the

warden of the federal facility as a respondent." United States v. Allen, 124 Fed. Appx. 719, 721 (3d Cir. 2005) (citing Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990)). See also Jennings v. Bureau of Prisons, 2009 U.S. Dist. LEXIS 36248, *1 n.1 (M.D. Pa. 2009) (Conaboy, J.) (explaining that the only proper respondent in a section 2241 proceeding is the petitioner's custodian).

Based on the nature of Petitioner's claim, the instant section 2241 petition was properly brought in this Court. But, the United States of America was incorrectly named as a party and the Warden of FCI-Schuylkill will be substituted as sole Respondent. See Arroyo v. LSCI Allenwood, 2008 U.S. Dist. LEXIS 81202 (M.D. Pa. 2008) (Rambo, J.).

Next, it appears from the exhibits attached to the petition that the habeas claims have been exhausted. See (Doc. 1, Central Office Administrative Remedy Appeal); 28 C.F.R. § 542.15(a) (stating that an appeal to the General Counsel at Central Office Appeals is the final step in the BOP's Administrative Remedy Program). Further, Respondent does not contend that Petitioner failed to exhaust administrative remedies. See (Doc. 8). Accordingly, the petition will be decided on the merits.

### B.    Computation of Federal Sentence

"In calculating the sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled." Nieves v. Scism, 2013 U.S. App. LEXIS 10989, *3 (3d Cir. 2013) (citing 18 U.S.C. § 3585). "For offenses committed after November 1, 1987, the commencement of a federal sentence is governed by 18 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b)." Carmona v. Williamson, 2006 U.S. Dist. LEXIS 77201, *6 (M.D. Pa. 2006) (Kane, J.).

*1.    Commencement of Federal Sentence*

Section 3583(a) provides: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  However, a "federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum ...because the state remains the primary custodian...." Carmona, 2006 U.S. Dist. LEXIS 77201 at *7 (citing Ruggiano, 307 F.3d at 126).  "[A] prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000); Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa. 1996) (McClure, J.) ("The sovereign which first arrests a defendant has primary jurisdiction over him."), affirmed by, 100 F.3d 946 (3d Cir. 1996).

Here, when Petitioner was taken into federal custody on February 16, 1996, pursuant to a writ of habeas corpus ad prosequendum, Puerto Rico authorities maintained primary custody of Petitioner. See Carmona, 2006 U.S. Dist. LEXIS 77201 at *2 (explaining that state officials had primary custody of the defendant, with federal officials assuming secondary custody, while the defendant answered a federal writ of habeas corpus ad prosequendum until his federal sentencing date when he was returned to state officials to continue serving his state sentence); (Doc. 8, Ex. 1 at Atts. 2-3; Ex. A at ¶ 6).  It was not until November 15, 2004, when Petitioner was released from his Puerto Rico sentence and taken into federal custody pursuant to the detainer that the state relinquished jurisdiction and his federal sentence commenced.  See Chambers, 920 F. Supp.

5

at 622 ("Primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation."); (Doc. 8, Ex. 1, Atts. 3, 5).

   2.    *Prior Custody Credit*

"[C]redit against a federal sentence attaches when a federal detainer is the exclusive reason for an inmate's pretrial confinement." Nieves, 2012 U.S. Dist. LEXIS 107808 at *6 (internal citations omitted). "Similarly, a prisoner is entitled to credit against his federal sentence for a period of time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum when 'the first sovereign relinquishes jurisdiction over the prisoner.'" Id. (quoting Rios, 201 F.3d at 274).

As previously explained, Puerto Rico authorities did not relinquish jurisdiction of Petitioner until November 15, 2004, and the federal detainer was not the exclusive reason for his confinement until this date. See (Doc. 8, Ex. 1, Atts. 3, 5). Accordingly, Petitioner is not entitled to credit for the time he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum. See Taylor v. Holt, 2007 U.S. Dist. LEXIS 36479, *4-5 (M.D. Pa. 2007) (Conaboy, J.) (holding that because there was no indication that the state relinquished jurisdiction, the petitioner was not entitled to credit against his federal sentence for the period of incarceration following his transfer from state to federal custody pursuant to a writ ad prosequendum for the purpose of facing federal criminal prosecution), citing Ruggiano, 307 F.3d at 125, n.1.

Morever, section 3585 (b) states:

   A defendant shall be given credit toward the service of a term of imprisonment

for any time he has spent in official detention prior to the date the sentence commences--
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence.**

18 U.S.C. § 3585(b) (emphasis added); Nieves, 2012 U.S. Dist. LEXIS 107808 at *6-7 (explaining that section "3585(b) generally prohibits an award of double credit, in other words, a habeas petitioner may not receive credit on a federal sentence for time that has already been credited against a state sentence).

Accordingly, even if Puerto Rico had relinquished jurisdiction to the federal authorities on February 16, 1996, when Petitioner was arrested on federal charges pursuant to a writ of habeas corpus ad prosequendum, he received credit for the time spent in federal custody toward his state sentence and the BOP has no authority to also award credit for this time toward his federal sentence. See Wilson, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time."); Harris v. Zickefoose, 511 Fed. Appx. 135, 137 (3d Cir. 2013) (finding that the because the defendant received credit toward his state sentence for the fifteen months he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, the BOP was correct in not giving him credit toward his federal sentence for this time); Nieves, 2013 U.S. App. LEXIS 10989 at *4 (holding that a defendant is not entitled to time served on a federal detainer if that time was credited against a state sentence).

Finally, Petitioner's claim that the sentencing court awarded him credit for time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum because it understood that his state and federal offenses were part of the same course of conduct is without merit. The

7

United States District Court for the District of Puerto Rico, despite the related nature of the state and federal charges, specifically rejected defense counsel's request to run the sentences concurrent, stating: "I think that the local courts have been too lenient with these defendants." (Doc. 8, Ex. 1, Att. 6, Notes of Testimony at pages 30, 40-41).

The habeas corpus petition will be denied. A separate Order will be issued.

Date: October 18, 2013

_____
**United States District Judge**